IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN METROCOMM | ) | Case No. 00-3358 (PJW) |
| CORPORATION, *et al.* | ) | |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| ------------------------------------------------- x | | |
| THOMAS ABRAMS, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | Case No. 04-cv-01372 (JJF) |
| | ) | |
| AMC LIQUIDATING TRUST, | ) | |
| | ) | |
| Appellee. | ) | |

**AMC LIQUIDATING TRUST'S OPENING BRIEF
IN SUPPORT OF THE MOTION TO DISMISS APPEAL**

Dated: April 18, 2005

YOUNG CONAWAY STARGATT & TAYLOR, LLP
John D. McLaughlin, Jr. (No. 4123)
Matthew B. McGuire (No. 4366)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for AMC Liquidating Trust

WP3:1095276 4                                                                                   57553 1001

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ..................................................................1

SUMMARY OF THE ARGUMENT ..............................................................................1

FACTUAL AND PROCEDURAL BACKGROUND.......................................................2

    A.    General..................................................................................................2

    B.    Background Related to Appeal ...............................................................4

ARGUMENT

    A.    The Court Lacks Jurisdiction to Consider This Appeal Because Appellant Has Failed to Comply With Bankruptcy Rules 8001 and 8002 ..............5

    B.    Appellant Has Failed to Comply With Bankruptcy Rule 8006 ...............6

    C.    Appellant is Not Entitled to Proceed *In Forma Pauperis*........................8

CONCLUSION................................................................................................................9

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                           <u>Page</u>

<u>In re Comer</u>, 716 F.2d 168
    (3d Cir. 1983) ..................................................................................................6

<u>In re Dawley</u>,
    CA 04-2140, 2005 U.S. Dist. Lexis 411 (E.D. Pa. Jan. 11, 2005) ...................8

<u>In re Magic Restaurants, Inc.</u>,
    1997 U.S. Dist. LEXIS 23681 (D. Del.1997)................................................6, 7

<u>In re Universal Minerals</u>,
    755 F.2d 309 (3d Cir. 1985) ..............................................................................5

<u>In re Walker</u>,
    886 F.2d 598 (3d Cir. 1989) ..............................................................................8


<u>Federal Statutes</u>                                                                                <u>Page</u>

Fed. R. Bankr. Pro. 8001.............................................................................................5

Fed. R. Bankr. Pro. 8001(a) .....................................................................................6, 7

Fed. R. Bankr. Pro. 8002..........................................................................................5, 6

Fed. R. Bankr. Pro. 8002(a) ........................................................................................5

Fed. R. Bankr. Pro. 8002(c) ........................................................................................5

Fed. R. Bankr. Pro. 8006.............................................................................................7

28 U.S.C. § 1915 .........................................................................................................8

28 U.S.C. § 1915 (a) ...................................................................................................8

## NATURE AND STAGE OF PROCEEDINGS

This is a motion to dismiss (the "Motion") an appeal (the "Appeal") taken by Thomas Abrams ("Abrams") from a Memorandum Decision and Order by the Honorable Peter J. Walsh of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered on December 12, 2003 that granted the Motion of the AMC Liquidating Trust ("AMC") for Summary Judgment denying and expunging the claim filed by Abrams in the bankruptcy case.

The Appellee seeks dismissal of the appeal due to manifest procedural errors and irregularities.

## SUMMARY OF THE ARGUMENT

The Appellant, Abrams, has failed to meet even the most rudimentary standards to properly appeal the judgment of the Bankruptcy Court. First, as further described below, Abrams failed to file a notice of appeal in a manner and within the time periods proscribed by Bankruptcy Rules 8001 and 8002. In fact, Abrams waited until over five (5) months after the Memorandum Decision and Order had been entered to file a notice of appeal, and then the notice of appeal was filed to the wrong Court, the U.S. Court of Appeals for the Third Circuit. By failing to file a notice of appeal within the strict timeline provided by Bankruptcy Rule 8002, this Court lacks jurisdiction to consider the Appeal.

Additionally, Abrams has failed to comply with Bankruptcy Rule 8006 by failing to provide the Bankruptcy Court or AMC with a designation of the items to be included in the record on appeal and a statement of the issues presented. As such, the Appeal must be dismissed.

The Appellant has failed to pay the requisite filing fee for the appeal. While Abrams has sought, in a letter to the Bankruptcy Court, to proceed *in forma pauperis*, he has not submitted the requisite affidavit as required to show that he is unable to pay the filing fee to file an appeal. Accordingly, the request to proceed *in forma pauperis* must be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.  General

On August 16, 2000 (the "Petition Date"), American MetroComm Corp. and certain of its affiliates (the "Debtors") commenced their reorganization cases (the "Bankruptcy Case") by filing petitions for relief under chapter 11 of the Bankruptcy Code. A Joint Liquidating Plan of Reorganization was confirmed by the Bankruptcy Court on September 7, 2001 and became effective eleven days later. Pursuant to the terms of the confirmed plan of liquidation, the Trust Administrator of the AMC Liquidating Trust is the successor-in-interest to the Debtors' estates and is charged with the liquidation, collection, and disbursement of estate assets in accordance with the provision of the Debtors' confirmed plan.

Abrams filed a proof of claim in the Bankruptcy Case seeking in excess of $100,000 as damages for what might be generically described as "wrongful termination". Prior to the commencement of the Bankruptcy Case, Abrams had been employed by the Debtors as a corporate paralegal. The Debtors discharged Abrams for misconduct on or about July 27, 1998. Subsequent to his termination, Abrams, through counsel, filed a Petition for Damages under La. R.S. 23:967 (the "Louisiana Whistle-Blower Act") claiming damages, including interest and attorney's fees (the "State Court Action").

On or about January 14, 2000, Abrams executed a Settlement Agreement, Receipt and Release (the "Settlement Agreement") which had been dispatched to him by the defendants under which AMC agreed to pay him a gross settlement of $7,000. Thereafter, according to the

terms of the Settlement Agreement, the Debtors immediately wire transferred the sum of $5,669.00 to an account designated by Abrams and issued a check to Abrams' attorney for $1,331. Subsequently, Abrams refused to execute a stipulation to dismiss the State Court Action. In default of Abrams' performance under the Settlement Agreement, on May 30, 2000, AMC was compelled to file Motion to Enforce Settlement in the State Court. The State Court granted the Motion to Enforce Settlement and the complaint was dismissed, with prejudice.

Notwithstanding the final order of the State Court, Abrams filed a proof of claim against the bankruptcy estate of AMC alleging the same theories that had been disposed of in the State Court action. The AMC Liquidating Trust filed a formal objection to the Abrams proof of claim, and on February 11, 2003, the AMC Liquidating Trust Administrator filed a Motion for Summary Judgment and Brief in Support of the Motion For Summary Judgment (collectively, the "Motion for Summary Judgment"). The Motion for Summary Judgment argued, *inter alia*, that Abrams was barred by *res judicata* from re-litigating his claims in the Bankruptcy Court. On February 24, 2003, Abrams filed Claimant Thomas Abrams Brief in Opposition to Motion for Summary Judgment (the "Response"). Thereafter, the Bankruptcy Court took the matter under advisement.

On December 12, 2003, the Bankruptcy Court entered a Memorandum Opinion and Order granting the Administrator's Motion for Summary Judgment on all grounds (the "Memorandum Opinion and Order". Appendix A. Specifically, the Bankruptcy Court held "it is clear that the proof of claim filed by the Claimant is barred by the settlement agreement which was approved by the Louisiana State Court." Opinion at pg. 6.

### B.   Background Related to Appeal

On May 18, 2004, Abrams filed a purported Notice of Appeal with the Bankruptcy Court (the "Notice of Appeal"). Appendix B. That document sought review by the U.S. Court of Appeals for the Third Circuit.

On June 24, 2004, in response to the Notice of Appeal being return due for failure to include the filing fee, Abrams sent a letter to the Bankruptcy Court requesting that the Court grant him status *in forma pauperis* (the "IFP Letter Request"). Appendix C. Contrary to the statute, Abrams did not attach any affidavit or other sworn statement describing his financial status with the IFP Letter. Rather, Abrams simply stated that he was unable to advance the filing fee "at this time."

On October 21, 2004, the Notice of Appeal was again, redundantly entered on the Bankruptcy Court docket. Bankr. Docket no. 844. On October 21, 2004, the Bankruptcy Court transmitted the record on appeal (the "Transmittal Letter") to the United States District Court for the District of Delaware (the "District Court"). Appendix D. Attached to the Transmittal Letter, constituting the record of the appeal were (1) Notice of Appeal; (2) Certified Copy of Appeal dated 10/20/2004; and (3) Certified Copy of Order.[1]

At no time has Abrams filed (1) designation of items to be included in the record; (2) a statement of issues presented on appeal; (3) an affidavit in support of his *in forma pauperis* petition; or (4) pay the filing fee for this appeal.

---

[1] After receiving the Transmittal Letter, counsel for Appellee contacted the Office of the Clerk for the Bankruptcy Court to inquire as to why the file was transmitted to the District Court without a statement of issues complained of on appeal or a designation of items to be included in the record. After investigation, the Office of the Clerk indicated that the entire Appeal was mistakenly transmitted to the District Court instead of solely the IFP Letter Request. Thus, Appellee speculates that the Bankruptcy Court never intended to transmit the appeal to District Court.

## ARGUMENT

### A. The Court Lacks Jurisdiction to Consider This Appeal Because Appellant Has Failed to Comply With Bankruptcy Rules 8001 and 8002

Bankruptcy Rule 8001 provides that a party to a judgment may appeal as of right from the judgment of a bankruptcy court by filing a notice of appeal within the time limits provided in Bankruptcy Rule 8002. Bankruptcy Rule 8001 further provides, in pertinent part, "[t]he notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment ... and the names, addresses and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee. Fed. R. Bankr. Pro. 8001. Further, Bankruptcy Rule 8002(a) provides that the notice of appeal must be filed within ten (10) days of the date of entry of the judgment that is appealed from.

Failure to timely file a notice of appeal is not merely a procedural defect; rather, failing to file such a notice of appeal effectively strips the district court of jurisdiction to consider the appeal. In re Universal Minerals, 755 F.2d 309 (3d Cir. 1985). Specifically, the Universal Minerals Court found "[f]ailure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment" Id. at 312. While an appellant is entitles to seek an extension of the time periods proscribed in Bankruptcy Rule 8002, such a request for extension must be made within thirty (30) days from the date of the order or judgment. Id. See also, Bankruptcy Rule 8002(c).

Simply put, Abrams has failed to comply with even the most basic requirements for prosecution of an appeal of the Memorandum Opinion and Order. First, Abrams did not file a "Notice of Appeal" until May 18, 2004—over five (5) months after the Memorandum Opinion was entered and became final. Abrams also did not seek an extension to file the notice of appeal within the thirty day period proscribed in Bankruptcy Rule 8002(c). In light of these

deficiencies, this Court lacks jurisdiction to consider an appeal of the Memorandum Decision and Order and the Appeal must be dismissed.

**B.  Appellant Has Failed to Comply With Bankruptcy Rule 8006**

Bankruptcy Rule 8006 provides that "[w]ithin 10 days after filing the notice of appeal as provided by Rule 8001(a) . . . the appellant shall file and serve with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8006. Pursuant to Bankruptcy Rule 8001(a), failure of an appellant to timely designate the items to be included in the record on appeal and a statement of the issues to be presented gives the district court discretion "for such action as the District Court . . . deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a).

In determining whether to dismiss an appeal for the lack of prosecution based on late or missing designations required by Bankruptcy Rule 8006, the Court of Appeals for the Third Circuit has employed an inquiry to determine whether there exists bad faith on the part of the appellant or prejudice to the other party. See In re Comer, 716 F.2d 168, 177 (3d Cir. 1983); In re Magic Restaurants, Inc., 1997 U.S. Dist. LEXIS 23681, at *4 (D. Del. 1997) (stating that courts have limited dismissal under Bankruptcy Rule 8001(a) where there is evidence of bad faith or prejudice).

Bankruptcy Rule 8006 is clear; an appellant is required to file a designation of the items be included in the record on appeal and a statement of the issues to be presented. Although, the court in In re Magic Restaurants, Inc. (hereinafter "Magic Restaurants") concluded that the appellant's six month delay in filing the Bankruptcy Rule 8006 designations was not in

bad faith and resulted in limited prejudice to the appellant, the facts here are easily distinguishable.

In Magic Restaurants the appellant, albeit six months late, did file the Bankruptcy Rule 8006 designations. Here, Abrams has not filed late or missing designations – he has not file any. The appellant in Magic Restaurants asserted that it did not file the designations because of perceived issues with the completeness of the record. Abrams has made no such contentions about the completeness of the record.

Absent his statement that there exists an "ongoing RICO fraud" – an averment which has no relevancy to the disallowance of the proof of claim by the Court below - Abrams has not provided the Court, or the Appellee, with any statement of issues presented on appeal or which items have been designated for the record on appeal as required under Bankruptcy Rule 8006. While the Court may choose to give a degree of latitude to Abrams since he is proceeding *pro se*, the Court must conclude that Abrams has not made a good faith effort to comply with the rules applicable to the perfecting of appeals from orders of the Bankruptcy Court and that the Appellee has been prejudiced by the fact that it cannot possibly respond to an appeal where no issues are framed and no record defined.

Due to Abrams' failure to present any statement of issues presented on appeal or any designation of items in the appellate record, the Appellee is prejudiced by its inability to properly respond to whatever merits the appeal might have. This prejudice, coupled with the now fifteen (15) month delay in filing the designation and statement of issues requires the Court to dismiss the Appeal.

### C. Appellant is Not Entitled to Proceed *In Forma Pauperis*

Pursuant to his June 24, 2004 letter to Judge Walsh, Abrams requested that he be allowed to proceed with this appeal *in forma pauperis*. Since the appellate tribunal is the District Court, the request to proceed *in forma pauperis* ought to have been directed to the District Court, not the Bankruptcy Court.

Pursuant to 28 U.S.C. § 1915 (a):

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

With regard to *in forma pauperis* proceedings, the Third Circuit has noted "we believe that in order to qualify for partial *in forma pauperis* status, a litigant must similarly show that he is unable to pay the particular cost at issue." In re Walker, 886 F.2d 598, 601 (3d Cir. 1989).

In In re Dawley, supra, the court denied the appellant's partial in *forma pauperis* petition for the estimated $1,000 cost of reproducing a transcript when the appellant failed to file an affidavit in support of the petition which would show that he could not, in fact, afford the cost of reproduction. The Dawley court held, "[a]ppellant failed to meet this burden because of his failure to submit an affidavit with information proving his inability to pay for the transcript."

In this case, Abrams has not submitted any affidavit in support of his *in forma pauperis* application. The only reference Abrams makes to his financial status is that he is unable to advance filing fee required for appeal. As Abrams' *in forma pauperis* application fails to meet the requirements of 28 U.S.C. §1915 and the Third Circuit's guidance in Walker, the *in forma pauperis* application must be denied.

## CONCLUSION

For the foregoing reasons, the Appellee respectfully requests that the Court grant his Motion to Dismiss.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated: 18 April, 2005

John D. McLaughlin, Jr. (No. 4123)
Matthew B. McGuire (No. 4366)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for AMC Liquidating Trust