## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN METROCOMM | ) | Case No. 00-3358 (PJW) |
| CORPORATION, *et al.* | ) | |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| ------------------------------------------------- | x | |
| THOMAS ABRAMS, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | Case No. 04-cv-01372 (JJF) |
| | ) | |
| AMC LIQUIDATING TRUST, | ) | |
| | ) | |
| Appellee. | ) | |

## APPENDIX
### FOR
### AMC LIQUIDATING TRUST'S OPENING BRIEF
### IN SUPPORT OF THE MOTION TO DISMISS APPEAL

Dated: April _18_, 2005

YOUNG CONAWAY STARGATT & TAYLOR, LLP
John D. McLaughlin, Jr. (No. 4123)
Matthew B. McGuire (No. 4366)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for AMC Liquidating Trust

# TABLE OF CONTENTS

Memorandum Opinion and Order Granting Summary Judgment...........................A-1

Notice of Appeal and Transmittal Letter ...................................................A-9

Letter Request To Bankruptcy Court To Proceed *In Forma Pauperis*.....................A-11

Transmittal Letter To District Court.........................................................A-12

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN METROCOMM CORPORATION, et al. | ) | Case No. 00-3358 (PJW) |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| _____ | ) | |
| | ) | |
| THOMAS ABRAMS, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMC LIQUIDATING TRUST | ) | |
| | ) | |
| Objector. | ) | |

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, the Trust Administrator's motion for summary judgment with respect to Claim No. 138 (Doc. # 781), is **GRANTED** and the claim is disallowed.

Peter J. Walsh
United States Bankruptcy Judge

Dated: December 12, 2003

12/12/03
815

A-1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN METROCOMM CORPORATION, et al. | ) | Case No. 00-3358 (PJW) |
| | ) | |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| THOMAS ABRAMS, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMC LIQUIDATING TRUST | ) | |
| | ) | |
| Objector. | ) | |

## MEMORANDUM OPINION

John D. McLaughlin, Jr.
Young Conaway Stargatt &
Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Counsel for AMC Liquidating Trust

Thomas A. Abrams
632 Saint Peter Street
New Orleans, Louisiana  70116

Pro Se Claimant

Dated: December 12, 2003

A-2

12/12/03
814

WALSH, J. *[handwritten signature]*

2

This opinion is with respect to the motion for summary judgment filed by the Trust Administrator of the AMC Liquidating Trust (Doc. # 781) seeking the disallowance of Claim No. 138. Claim No. 138 was filed on January 29, 2001 by Thomas Abrams ("Claimant"). For the reasons discussed below, the Court will grant the motion.

## BACKGROUND

The Claimant was employed as a paralegal by American MetroComm Corporation ("the Debtor"), but he was discharged on July 27, 1998. He subsequently initiated a civil action for damages in a Louisiana state court under the Louisiana Whistle-Blower Act (LA. REV. STAT. ANN. § 23:967 (2003)). The complaint was filed in the Civil District Court for the Parish of Orleans, Division "B", bearing Case No. 98-19333. The Debtor and the Claimant eventually reached a resolution of the dispute and agreed to enter into a settlement agreement that required the Debtor to pay Claimant $7,000 -- $5,669 of which was to be paid to the Claimant and $1,331 of which was to be paid to the Claimant's attorney. The settlement agreement also obligated the Claimant to dismiss the Louisiana civil action.[1]

---

[1] The settlement agreement read in relevant part:

2. In exchange for the aforementioned monetary consideration . . . Abrams hereby and forever releases and discharges AMC . . . from any and

3

On January 14, 2000 the Claimant executed the settlement agreement.  The payment of $5,669 was immediately wire transferred to the Claimant and a check was issued to his attorney for $1,331. As provided under the settlement agreement, in consideration for receipt of payment, the Claimant was obligated to dismiss the Louisiana state court action, but the Claimant failed to execute a stipulation to dismiss the case.

The Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code,  11 U.S.C. §§ 101 et. seq., in this Court on August 16, 2000.  Subsequently, in the Louisiana state court action, the Debtor filed a motion to enforce the settlement agreement.  A hearing in the motion was held on September 8, 2000 and on September 11, 2000 the Louisiana state court judge signed an order which enforced the settlement agreement and dismissed the Claimant's claim with prejudice.  So far as the record before me shows, the September 11, 2000 order became a final

---

all claims relating to his employment and the ending thereof. . . .

3. In further exchange for the consideration recited in this Release, Abrams further desires to dismiss and hereby agrees to dismiss the lawsuit . . . currently pending . . . .

4. In further exchange for consideration and as a material consideration for this Release, Abrams further agrees to either withdraw his lawsuit . . . and/or to file with AMC and Reliance a joint motion to seal the record in the captioned matter . . . .

See Doc. # 782, Exhibit K.

A-4

4

order.

In the bankruptcy case, this Court set a January 31, 2001 claims bar date and on January 23, 2001 the Claimant filed a proof of claim for $100,000. No documentation is attached to the proof of claim and the proof of claim contains conflicting statemenets and is otherwise confusing. Nevertheless, the proof of claim asserts that it is for employment compensation from 1998 to the present and it references "settlement of litigation," referring to the civil action number (No. 98-19333) of the Louisiana state court case and states that the claim is based on a court judgment of September 8, 2000. (Doc. #782, Exhibit A).

DISCUSSION

Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, Rule 56 of the Federal Rules of Civil Procedure, applies to contested matters in a bankruptcy proceeding.[2]    Rule 56(c) states that "[t]he judgment sought shall be rendered forthwith if the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view the facts in the light most favorable to the nonmoving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986); Bartnicki v. Vopper, 200 F.3d 109, 114 (3d Cir. 1999).

---

[2]    Rule 7056 states "Rule 56 F.R. Civ. P. applies in adversary proceedings." Fed. R. Bankr. P. 7056.

A-5

5

In this case, there is no dispute that the settlement agreement was signed and that the agreed upon amount was paid, nor is there a factual issue as to the content of the agreement. The only issue that remains is whether that agreement has a binding effect on the later filed proof of claim.

The Trust Administrator argues that the proof of claim is barred by the <u>res judicata</u> effect of the settlement agreement. <u>Res judicata</u> is a procedural issue, therefore, federal law will be applied.[3] <u>Household Int'l Inc. v. Westchester Fire Ins. Co.</u>, No. CIV.A.02-1601 JJF, CIV.A.-2-1328 JJF, 2003 WL 22351270, at *2 n.6 (D. Del. Oct. 8, 2003) (citing <u>In re Kaplan</u>, 143 F.3d 807, 814-15 (3d Cir. 1998)) ("[F]ederal law will govern the *res judicata* issues because claim preclusion is a procedural matter.").

The Third Circuit Court of Appeals, in <u>United States v.</u>

---

[3] It should be noted that in the Trust Administrator's motion he applied Louisiana law to the issue of res judicata. This law was presumably applied because the original case, on which the settlement was based, was filed in Louisiana and the Claimant was employed by the Debtor in that state. Regardless of whether state or federal law is applied, the outcome is the same. Louisiana law, with respect to <u>res judicata</u>, states in relevant part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties . . . to the following extent . . .
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

LA. REV. STAT. ANN. § 13:4231 (2002).

A-6

6

Athlone Industries, Inc., set forth the requirements for the application of res judicata. 746 F.2d 977, 983 (3d Cir. 1984). The doctrine "requires a showing . . . that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." Id. In applying these factors, the Third Circuit Court of Appeals has also found that a settlement agreement would constitute a final judgment on the merits. Weber v. Henderson, No. 01-1049, 2002 WL 538508, at *2 (3d Cir. March 18, 2002) ("For purposes of res judicata, final judgment on the merits occurred when the District Court approved settlement and dismissed the case."); see also Rein v. Providian Fin. Corp., 270 F.3d 895, 903 (9th Cir. 2001) ("A judicially approved settlement agreement is considered a final judgment on the merits." (citations omitted)); Guiles v. Metro. Life Ins. Co., No. CIV.A. 00-5029, 2001 WL 1454041, at *1 (Nov. 13, 2001) ("A judgment entered with prejudice pursuant to a settlement is a final judgment on the merits for the purposes of res judicata.").

Applying the res judicata elements to the matter before me, it is clear that the proof of claim filed by the Claimant is barred by the settlement agreement which was approved by the Louisiana state court. First, as noted above, a settlement approved by a court constitutes a final judgment for the purposes of res judicata. The agreement was signed, the Claimant received

7

the funds under the settlement and it was enforced by the Louisiana state court.  Secondly, the Claimant and the Debtor were both parties to the settlement agreement.  The Claimant is a party to this proceeding since he filed the proof of claim and the Trust Administrator is in privity with the Debtor.  Finally, the settlement was based on the Claimant's state court action for damages relating to his employment termination and the proof of claim was filed to recover for unpaid compensation resulting from the employment termination.  Indeed, the proof of claim references the settlement and identifies the litigation by specific reference to the civil action number of the dispute in the Louisiana state court.  Therefore, the instant action is barred by claim preclusion and the summary judgment will be granted on that basis.

### CONCLUSION

For the reasons set forth above, the Trust Administrator's motion for summary judgment is granted and Claim No. 138 is disallowed.

A-8

**RECEIVED**

MAY 1 8 2004

**JUDGE WALSH**

*also via facsimile:* (302) 573-6210

Thomas A. Abrams
P. O. Box 51885
New Orleans, Louisiana 70151-1885
Ph. (504) 606-8145; Fax (253) 461-5175
E-mail: tomabrams@hotmail.com

May 18, 2004

Chambers of the Honorable Peter J. Walsh, Chief Judge
824 Market Street - 6th Floor
Wilmington, Delaware  19801
Attn: Ivone Marvel – Secretary

Re:    <u>American Metrocomm/Cisco Systems, et al.</u>

Dear Judge Walsh,

Please find attached <u>Motion for Appeal</u> of the order granting debtor's summary judgment motion. Unfortunately, I did not receive a final order in this matter; therefore, I have none to attach to my appeal, which I also have filed electronically this date. In any event, since I allege with particularity ongoing "continuing" RICO fraud, I do not believe the appeal is untimely.

Thank you very much.

Very truly yours,

encl
cc: all debtor counsel

5/20/04
828

A-9

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN METROCOMM ) | Case No. 00-3358 (PJW) |
| CORPORATION, *et al.* ) | |
| ) | Jointly Administered |
| Reorganized Debtors ) | |

------------------------------------------------x

| | |
|---|---|
| THOMAS ABRAMS, ) | |
| ) | |
| Claimant, ) | |
| v. ) | |
| ) | |
| AMC LIQUIDATING TRUST ) | |
| ) | |
| Objector. ) | |

## NOTICE OF APPEAL

Claimant Thomas Abrams, appearing *in pro se* and on behalf of his minor son Frederick in the above-named case, hereby gives Notice of Appeal to the United States Court of Appeals for the Third Circuit from the final order granting defendant's *Motion for Summary Judgment* entered in this action on the 12th day of December, 2003.

s/ _____

Thomas A. Abrams
P. O. Box 51885
New Orleans, Louisiana 70151-1885

**RECEIVED**

JUN 2 4 2004

*also via facsimile:* (302) 573-6210          **JUDGE WALSH**

Thomas A. Abrams
P. O. Box 51885
New Orleans, Louisiana 70151-1885
Ph. (504) 606-8145; Fax (253) 461-5175
E-mail: tomabrams@hotmail.com

June 24, 2004

Chambers of the Honorable Peter J. Walsh, Chief Judge
824 Market Street - 6th Floor
Wilmington, Delaware  19801
Attn: Ivone Marvel – Secretary

      Re:    American Metrocomm/Cisco Systems, et al., 00-3358(PJW)

Dear Judge Walsh,

      I recently filed with your office a Motion for Appeal of your judgment granting the debtors' summary judgment motion; however it was returned for lack of filing fee which I am unable to advance at this time.

      As you have previously allowed me to proceed in this matter without paying costs in advance, please allow me to file the attached notice of appeal, *in forma pauperis,* the original of which was mailed to the Clerk on May 18, 2004. Should Court rules require I file a separate motion for waiver of appeal filing fees in advance, please advise immediately via telephone or e-mail.

      Thank you very much.

                       Very truly yours,

encl
cc: all debtor counsel; record

A-11

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

FILED

2004 OCT 21  PM 3: 10

US BANKRUPTCY COURT
DISTRICT OF DELAWARE

DAVID D. BIRD

CLERK OF COURT

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2900

October 20, 2004

To: Peter Dalleo, Clerk
    U.S. District Court
    District of Delaware
    844 King Street
    Wilmington, DE 19801

0 4 - 1 3 7 2

RE: American Metrocom Corp.,et al
    00-3358

Enclosed , please find the Bankruptcy Record on Appeal #04-109. Filed 10/20/04.  Please acknowledge receipt on the copy provided.

Sincerely,

David D. Bird, Clerk

By: *Renee Kuesel*
    Deputy Clerk

Filing Fee Paid:

Filing Fee Not Paid:  X

I hereby ackonwledge receipt of the above record on Appeal this 21st day of Oct, 2004.

By *E L Stricklin*
   Deputy Clerk, U.S. District Court

CERTIFIED:
AS A TRUE COPY:
    ATTEST:
    DAVID D. BIRD, CLERK
    U.S. BANKRUPTCY COURT

BY: *Renee Kuesel*
    Deputy Clerk

A-12

845