## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| AMERICAN METROCOMM | ) | Bankruptcy No. 00-3358 (PJW) |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Debtors, | ) | |
| ------------------------------------------- | | ---------------------------------------- |
| THOMAS ABRAMS, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | Civil Action No. 04-1372 (JJF) |
| | ) | |
| AMC LIQUIDATING TRUST, | ) | |
| | ) | |
| Appellee. | ) | |

> **FILED**
>
> JUL -- 1 2005
>
> U.S. DISTRICT COURT
> DISTRICT OF DELAWARE

### ANSWERING BRIEF IN OPPOSITION
### TO APPELLEE MOTION TO DISMISS

Claimant Thomas Abrams, appearing in proper person, hereby Answers the

appellee *Motion to Dismiss Based upon Manifest Procedural Errors and*

*Irregularities*, as follows:

1.    The Appellant's <u>Notice of Appeal</u> was timely filed.  Appellee uses a

20-year-old 3rd Circuit footnote-citation to suggest this Honorable Court lacks

jurisdiction to consider the Appeal based on timeliness.  The strict timelines for

appeals provided by Bankruptcy Rules 8001 and 8002 do not (and should not)

apply to non-attorney *pro se* litigants such as appellant.  In the present matter, the

appellant filed his appeal notice shortly after receiving the certified letter from the bankruptcy court notifying him of Judge Walsh's Order disallowing his claim; appellant had been out of town on a family emergency and was unable to receive the certified letter from the bankruptcy court until several months after the Order was rendered. Moreover, the deadline for filing a notice of appeal was (or should have been) tolled until the bankruptcy court received a return on its certified letter informing appellant of that Court's decision. Lastly, even if this *pro se* appellant had "missed the deadline" for filing his appeal, it causes appellee no harm and – considering the right to appeal is favored by courts – should (or must) be excused as harmless error.

(2)    Appellant complied substantially with Bankruptcy Rule 8006. As appellant alleges the bankruptcy itself is a continuing act of fraud and public corruption – planned by certain "RICO" Act defendants[1], from the very beginning of AMC's incorporation to the purchase by co-conspirator Cisco Systems, Inc., of all the debtor-in-bankruptcy's assets and litigation files (*e.g.*, for "cover-up" purposes); and continuing – as a matter of law the <u>entire record</u> of the bankruptcy proceeding was (or should be) designated as the items to be included in the record on appeal. Moreover, appellant had clearly stated his "RICO" allegations as well

---

[1]Claimant-appellant is currently drafting a RICO suit for damages, to be filed in the U.S. District Courts in Delaware and New Orleans, along with a motion to Judge Walsh to re-open claimant's 'Whistleblower' suit in Louisiana state court.

as many other issues for appeal to the bankruptcy court; and if Judge Walsh did not wish this matter to proceed to the appellate process, he would have summarily denied claimant's Motion for Appeal for lack of an appealable issue. In fact, Judge Walsh went out of his way to see that the claimant's right to appeal was preserved – as should this Honorable Court.

(3)    Appellant is entitled to proceed *in forma pauperis*. Judge Walsh clearly granted claimant-appellant's motion to proceed in the bankruptcy matter without paying costs, or appellant's claim would have been dismissed years ago; the IFP status granted by the bankruptcy court by law carries-over into the appellate level. The courts favor appeals as a constitutional right, and requiring a pauper-litigant to pay hundreds of dollars to have his "day in court" adjudicated fully would violate that right. Again, appellee uses a decade-old citation (*Dawley*) relating to transcript costs (not filing fee); and further, presumptuously "speculates" that Judge Walsh "never intended" to transmit the instant appeal.

WHEREFORE, appellant respectfully requests that this Honorable Court deny the appellee motion to dismiss and set return dates for filing of briefs.

Respectfully submitted,

Thomas Abrams, *appellant pro se*
P.O. Box 51885
New Orleans, LA 70151-1885
(504) 606-8145

Certificate of Service
I hereby certify that a copy
of the foregoing Answer has
been mailed to all parties
of interest, including Anc
Liquidating Trust, this 28th
day of June, 2005.
Thomas Abrams

Thomas Abrams
P.O. Box 51885
New Orleans, LA
504 606 8145

June 28, 2005

Office of the Clerk
U.S. District Court
844 N. King St., Lockbox 18
Wilmington, Delaware 19801

Re: Abrams v. AMC
CA# 04-1372 (JJF)

Dear Clerk:

Please find enclosed "Answering Brief in Opposition to Appellee Motion to Dismiss." Kindly file into the record and present a copy to Judge Farnan. Thank you.

Thomas Abrams



Office of the Clerk
United States District Court
844 N. King St., Lockbox 18
Wilmington, Delaware, 19801-35

Thomas Abrams
PO Box 51885
New Orleans, LA 70151-1885