IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN METROCOMM | ) | Case No. 00-3358 (PJW) |
| CORPORATION, *et al.* | ) | |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| ------------------------------------------------ x | | |
| THOMAS ABRAMS, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | Case No. 04-cv-01372 (JJF) |
| | ) | |
| AMC LIQUIDATING TRUST, | ) | |
| | ) | |
| Appellee. | ) | |

### AMC LIQUIDATING TRUST'S REPLY BRIEF
### IN SUPPORT OF THE MOTION TO DISMISS APPEAL

Dated: July 15, 2005

YOUNG CONAWAY STARGATT & TAYLOR, LLP
John D. McLaughlin, Jr. (No. 4123)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for AMC Liquidating Trust

## NATURE AND STAGE OF PROCEEDINGS

This is a reply brief (the "Reply") to the Answering Brief (the "Answer") of Appellant, Thomas Abrams, filed on July 1, 2005 to Appellee's Motion to Dismiss Appeal and Opening Brief in Support of Motion to Dismiss Appeal. On April 19, 2005, the Appellee[1] filed its Motion to Dismiss Appeal [Docket No. 5] and Opening Brief in Support of Motion to Dismiss Appeal [Docket No. 6]. On May 10, 2005, the Appellee had filed his Reply Brief at docket number 12 responding to a letter submission by Mr. Abrams. This present Reply Brief responds to the Answering Brief filed on July 1, 2005. As previously stated in the Opening Brief, Appellee seeks dismissal of the Appeal due to manifest procedural errors and irregularities.

## ARGUMENT

Abrams has responded to the substantive arguments contained in the Motion to Dismiss simply by asserting the law does not, *or should not*, be applied to him. He provides no material facts or meritorious legal authority to support his plea that he is above the rules that govern appellate pratice as set forth the Federal Rules of Bankruptcy Procedure (the "Rules"). Neither does he provide any authority for the proposition that *pro se* litigants are excused from compliance with the Rules.

In his second paragraph, Mr. Abrams states that the "entire record" of the bankruptcy case should be designated. Leaving aside the preposterous breadth of this suggestion in the context of an appeal from the disallowance of a single proof of claim, nothing prevented Mr. Abrams from making such a designation. Had he done so, the Appellee would have had the opportunity to move this Court for appropriate relief. The Appellee notes that even at this late date Mr. Abrams has not sought leave to correct his omissions. Mr. Abrams is doing nothing

---

[1] Any capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Motion to Dismiss Appeal or Opening Brief in Support of Motion to Dismiss Appeal.

more than wasting time and harassing the Appellee (and certain non-parties) with his vapid, vitriolic filings. Any latitude and indulgence that he might have enjoyed as a *pro se* litigant he has squandered by his petulant behavior throughout this case.

In his third paragraph, Mr. Abrams apparently seeks leave to proceed *in forma pauperis*. He should be made to file the appropriate application with the requisite supporting documents if he seeks this relief.

As is set forth in greater detail in both the Memorandum Opinion and the Opening Brief, this was simply a contest to Abrams' Claim, which was disallowed in its entirety by the Bankruptcy Court. That is the sole issue on appeal, notwithstanding the Appellant's rantings. As the Appellee has previously argued, this Court lacks the appropriate jurisdiction to consider the Appeal based on Abrams failure to comply with the most basic provisions of the Federal Rules of Bankruptcy Procedure.

## **CONCLUSION**

For the foregoing reasons, the Appellee respectfully requests that the Court grant his Motion to Dismiss.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated: July 15, 2005

*/s/ John McLaughlin, Jr.*
John D. McLaughlin, Jr. (No. 4123)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6634
Facsimile: (302) 576-3316
Counsel for AMC Liquidating Trust

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN METROCOMM | ) | Case No. 00-3358 (PJW) |
| CORPORATION, *et al.* | ) | |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| ------------------------------------------------ x | | |
| | ) | |
| THOMAS ABRAMS, | ) | Case No. 04-cv-01372 (JJF) |
| | ) | |
| Appellant, | ) | |
| v. | ) | |
| | ) | |
| AMC LIQUIDATING TRUST, | ) | |
| | ) | |
| Appellee. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 18, 2005,** I electronically filed a true and correct copy of the **AMC Liquidating Trust's Reply Brief in Support of the Motion to Dismiss Appeal** with the Clerk of the Court using CM/ECF.

I further certify that on July 18, 2005, I caused a copy of the **AMC Liquidating Trust's Reply Brief in Support of the Motion to Dismiss Appeal** to be served as indicated upon the following counsel of record:

Thomas Abrams
P.O. Box 51885
New Orleans, LA 70151
***Express Mail***

Elio Battista, Jr., Esq.
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801
***Hand Delivery***

I further certify that on July 18, 2005, I served the **AMC Liquidating Trust's Reply Brief in Support of the Motion to Dismiss Appeal** on the following non-registered participant in the manner indicated:

R. Patrick Vance, Esq.
201 St. Charles Avenue
New Orleans, LA 70170
*First Class Mail*

Charles W. Stewart
AMC Liquidating Trust
3209 Ridgelake Drive, #205
Metarie, LA 70002
(Client)
*First Class Mail*

/s/ John D. McLaughlin, Jr.
John D. McLaughlin, Jr. (No. 4123)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681
jmclaughlin@ycst.com
bank@ycst.com

*Counsel to the AMC Liquidating Trust*