IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| AMERICAN METROCOMM | : | |
| CORPORATION, et al., | : | Bankr. Case No. 00-3358-PJW |
| | : | |
| Debtors. | : | |
| | : | |
| THOMAS ABRAMS, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civ. Act. No. 04-1372-JJF |
| | : | |
| AMC LIQUIDATING TRUST, | : | |
| | : | |
| Appellee. | : | |

Thomas Abrams, Pro Se Appellant.

John D. McLaughlin, Jr., Esquire and Matthew B. McGuire, Esquire
of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.
Attorneys for Appellee.

**MEMORANDUM OPINION**

July 29, 2005
Wilmington, Delaware

Farnan, District Judge.

    Pending before the Court is a Motion To Dismiss Appeal (D.I. 5) filed by AMC Liquidating Trust ("AMC").  By its Motion, AMC requests dismissal of the appeal filed by Appellant, Thomas Abrams, of the Bankruptcy Court's December 12, 2003 Order granting the Motion Of The AMC Liquidating Trust For Summary Judgment denying and expunging Appellant's claim.  For the reasons discussed, AMC's Motion To Dismiss is granted.

I.    PARTIES' CONTENTIONS

    By its Motion, AMC contends that Appellant has failed to file his notice of appeal in the manner and time periods required by Bankruptcy Rules 8001 and 8002.  AMC contends that the Court lacks jurisdiction to consider Appellant's appeal, because it was filed more than five months after the Bankruptcy Court entered its Memorandum Opinion and Order granting AMC's request for summary judgment.  In addition, AMC contends that dismissal of this appeal is appropriate because Appellant has failed to file a designation of the items to be included in the record on appeal or a statement of the issues presented.

    In response, Appellant contends that the time periods set forth in Rules 8001 and 8002 should not apply to him because he is a pro se litigant.  Appellant also contends that he has substantially complied with Bankruptcy Rule 8006, because he has alleged that "the bankruptcy itself is a continuing act of fraud and public corruption" and that "the entire record of the

bankruptcy proceedings was (or should be) designated as the items
to be included in the record on appeal." (D.I. 16 at 2)
(emphasis in original).

## II. DISCUSSION

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a
notice of appeal must be filed within ten days of the date of
entry of the judgment that is appealed from. Failure to file a
timely notice of appeal deprives the Court of jurisdiction to
review the Bankruptcy Court's order or judgment. In re Universal
Minerals, 755 F.2d 309 (3d Cir. 1985). Extensions of time to
file a notice of appeal are contemplated by Rule 8002; however,
such a request must be made by written motion filed before the
time for filing a notice of appeal has expired. A motion for
extension of time to file a notice of appeal may also be filed
not later than 20 days after the expiration of the time for
filing a notice of appeal; however, such a late filed extension
may only be granted upon a showing of excusable neglect. Fed. R.
Bankr. P. 8002(c)(2).

In this case, Appellant did not file his notice of appeal
until May 18, 2004, over five months after the Bankruptcy Court
entered its decision. Appellant did not move for an extension of
time within the time limits provided in Rule 8002. Appellant
alleges that he did not receive a certified letter from the
Bankruptcy Court informing him of the court's decision, because

he was out of town on a family emergency.  However, even in the
case of excusable neglect, the issue must be raised and the
appeal filed within the 30 day window prescribed by Rule 8002.
Shareholders; Sheridan Broadcasting Corp. v. Sound Radio, Inc.,
109 F.3d 873, 879 (3d Cir. 1997) (noting that 30 days consists of
10 days for the appeal and 20 days for the extension of time).
"The rule does not allow a party to claim excusable neglect after
the 30 days have expired." Id.; see also Colon-Santana v.
Martinez-Malave, 125 F.3d 841, 1997 WL 556059 (1st Cir. Aug. 22,
1997); Universal Minerals, 755 F.2d at 312.  Moreover, a party's
failure to receive notice of the entry of an order does not
amount to excusable neglect, because a party has an independent
duty to keep informed of the progress in his or her case.[1] Cf.
Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1412 (9th Cir.
1986) (discussing excusable neglect in the context of Fed. R.
App. Proc. 4(a)).  Because Appellant did not comply with the time
frames set forth in Rule 8002 for filing his notice of appeal,
the Court concludes that it lacks jurisdiction to consider his
appeal, and therefore, AMC's Motion To Dismiss will be granted.[2]

---

[1]    Although Hodel discusses "excusable neglect" in the
context of Fed. R. App. Proc. 4(a), the Advisory Committee notes
to Rule 8002 expressly recognize that Rule 8002 is an adaptation
of Rule 4(a).  Universal Minerals, 755 F.2d at 311-312.

[2]    Appellant also requests the Court for leave to proceed
in forma pauperis.  However, Appellant makes no allegations
regarding his financial status as required by 28 U.S.C. §
1915(a), and therefore, the Court denies his request for leave to

**IV.    CONCLUSION**

For the reasons discussed, Appellant's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be denied.  In addition, AMC's Motion To Dismiss will be granted, and the above-captioned appeal will be dismissed with prejudice.

An appropriate Order will be entered.

―――――――――

proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  <u>In re Walker</u>, 886 F.2d 598, 601 (3d Cir. 1989).