## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| AMERICAN METROCOMM | ) | Bankruptcy No. 00-3358 (PJW) |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Debtors, | ) | |
| ------------------------------------------ | | ------------------------------------- |
| THOMAS ABRAMS, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | Civil Action No. 04-1372 (JJF) |
| | ) | |
| AMC LIQUIDATING TRUST, | ) | |
| | ) | |
| Appellee. | ) | |

### SHORT RESPONSE TO APPELLEE REPLY BRIEF, and:
### (1) <u>MOTION TO CURE RECORD DUE TO 'EXCUSABLE NEGLECT'</u>;
### (2) <u>MOTION TO FILE DESIGNATION OF RECORD OUT OF TIME</u>

Appellant Thomas Abrams, appearing in proper person, herein files the above motions and a short response to the Appellee reply brief, as follows:

Although a citizen's right to appeal[1] is as elemental as it is sacrament, appellee ignorantly continues to argue this court lacks jurisdiction.  In fact, <u>denial</u> of this appeal would be an *abuse of judicial discretion* absent a showing by the District Court of appellant's "flagrant bad faith" or "willful failure" to file his appeal notice, or "evidence of an intent to flout the District Court's instructions;"

---

[1]U.S. Const. amend. XIV.

FILED

AUG - 8 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

or "deliberate dilatory action," or "callous disregard" by the present *pro se* appellant of his responsibilities to follow federal court procedures.[2]

Therefore, appellant respectfully motions for a judicial determination of "excusable neglect" as a matter of law and/or equity. This trial court has broad discretion in determining what constitutes "excusable neglect" under Rule 4(a) of the Federal Rules of Appellate Procedure, and such a determination is accorded great deference on appellate review and will not be reversed in the absence of an abuse of discretion.[3]

With respect to extending the time to file a notice of appeal based on excusable neglect, a trial judge also has wide discretion in dealing with a litigant whose predicament results from (as appellee alleges) blatant ignorance of clear or easily ascertainable rules. In the instant appeal, Judge Walsh <u>allowed</u> the Claimant to proceed *in forma pauperis* and <u>allowed</u> the Claimant to appeal his Order granting summary judgment. If Judge Walsh had not wanted to allow appellant IFP status or to file his appeal out of time – if the court had decided Abrams' "neglect" was not excusable – he would have denied IFP and late-filing status and

---

[2]<u>See</u>, for example, *Poulis v. State Farm Fire & Casualty Co.*, 747 F. 2d 863; 714 F.2d 124 (3d Cir.1983); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639,96 S.Ct. 2278, 49L.Ed.2d747 (1976); *Titus v. Mercedes Benz of North America*, 695F.2d746 (3 Cir.1982).
[3]<u>See</u>, for example, *Harris Truck Lines, Inc. v Cherry Meat Packers, Inc*. (1962) 371 US 215, 9 L Ed 2d 261, 83 S Ct 283; *United States v Ferrer* (1980, CA1 Puerto Rico) 613 F2d 1188.

Thomas Abrams
2705 Decatur St.
New Orleans, LA 70117

U.S.M.S.
X-RAY

Office of the Clerk
United States District Court
844 N. King St. LB78
Wilmington, DELAWARE

19801-6435

(Record) Pleading Enclosed 04-1372-JJF