# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| AMERICAN METROCOMM ) | Bankruptcy No. 00-3358 (PJW) |
| CORPORATION, *et al.*, ) | |
| ) | |
| Debtors, ) | |
| --- | --- |
| THOMAS ABRAMS, ) | |
| ) | |
| Appellant, ) | |
| v. ) | Civil Action No. 04-1372 (JJF) |
| ) | |
| AMC LIQUIDATING TRUST, ) | |
| ) | |
| Appellee. ) | |

*[Handwritten: Motion for Reconsideration of "FINAL ORDER"]*

**SHORT RESPONSE TO APPELLEE REPLY BRIEF, and:**
**(1) MOTION TO CURE RECORD DUE TO 'EXCUSABLE NEGLECT';**
**(2) MOTION TO FILE DESIGNATION OF RECORD OUT OF TIME**
**(3)** *[Handwritten: MOTION FOR RECONSIDERATION OF FINAL ORDER OF 7/29/2005]*

Appellant Thomas Abrams, appearing in proper person, herein files the above motions and a short response to the Appellee reply brief, as follows:

Although a citizen's right to appeal[1] is as elemental as it is sacrament, appellee ignorantly continues to argue this court lacks jurisdiction. In fact, <u>denial</u> of this appeal would be an *abuse of judicial discretion* absent a showing by the District Court of appellant's "flagrant bad faith" or "willful failure" to file his appeal notice, or "evidence of an intent to flout the District Court's instructions;"

---
[1] U.S. Const. amend. XIV.

FILED
AUG - 9 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1

or "deliberate dilatory action," or "callous disregard" by the present *pro se* appellant of his responsibilities to follow federal court procedures.[2]

Therefore, appellant respectfully motions for a judicial determination of "excusable neglect" as a matter of law and/or equity. This trial court has broad discretion in determining what constitutes "excusable neglect" under Rule 4(a) of the Federal Rules of Appellate Procedure, and such a determination is accorded great deference on appellate review and will not be reversed in the absence of an abuse of discretion.[3]

With respect to extending the time to file a notice of appeal based on excusable neglect, a trial judge also has wide discretion in dealing with a litigant whose predicament results from (as appellee alleges) blatant ignorance of clear or easily ascertainable rules. In the instant appeal, Judge Walsh <u>allowed</u> the Claimant to proceed *in forma pauperis* and <u>allowed</u> the Claimant to appeal his Order granting summary judgment. If Judge Walsh had not wanted to allow appellant IFP status or to file his appeal out of time – if the court had decided Abrams' "neglect" was not excusable – he would have denied IFP and late-filing status and

---

[2] <u>See</u>, for example, *Poulis v. State Farm Fire & Casualty Co.*, 747 F. 2d 863; 714 F.2d 124 (3d Cir.1983); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2278, 49L.Ed.2d747 (1976); *Titus v. Mercedes Benz of North America*, 695F.2d746 (3 Cir.1982).
[3] <u>See</u>, for example, *Harris Truck Lines, Inc. v Cherry Meat Packers, Inc.* (1962) 371 US 215, 9 L Ed 2d 261, 83 S Ct 283; *United States v Ferrer* (1980, CA1 Puerto Rico) 613 F2d 1188.

the Court of Appeals likely would not have reversed unless persuaded that some exceptional justification existed. (F.R.A.P. Rule 4(a)(5)(A), 28 U.S.C.A.[4] )[5]

> **"Dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff."** <u>Donnelly v. Johns-Manville Sales Corp.</u>, 677 F.2d 339, 342 (3d Cir.1982).

Fortunately for appellant, <u>there is no "clear record of delay"</u> regarding the instant matter, and the only contumacious conduct of late has been from appellee counsel[6]. The federal rules of procedure and case law show[7] that this *pro se* litigant's failure to act within the required time <u>could</u> – and, appellant suggests, must – be excused on the ground that he was insufficiently familiar with the rules and procedures of the Bankruptcy Court and District Court to realize that judgment had been entered immediately following the district judge's filing of his opinion, and thus was under the mistaken impression that judgment would not be entered for some time. Furthermore, although appellant's mail had been held unopened due to his absence, he corresponded by E-mail and facsimile with both the appellee

---

4 <u>Graphic Communications Intern. Union, Local 12-N v. Quebecor Printing Providence, Inc.</u>, 270 F.3d 1 (1st Cir. 2001).  See also, <u>United States v. Myers</u>: "Courts of Appeal will reverse denial of extension of time to file notice of appeal only where District Court has abused its discretion in concluding that excusable neglect has not been shown." (1982,CA2NY)692F2d 861
[5] <u>United States v Myers</u> (1982, CA2 NY) 692 F2d 861
6 Appellee counsel's last reply brief was replete with the same type of virulent diatribes as he accuses appellant; stating that appellant is "wasting time and harassing... with his vapid, vitriolic filings... petulant behavior," etc.  Appellee counsel refuses to accept the fact that his clients are crooks who have defrauded both the securities and exchange and bankruptcy court systems.
7 <u>See</u>, for example, <u>McGarr v. United States</u> (1984, CA-3 Pa) 736 F2d 912.

counsel and bankruptcy judge during the period while the notice of appeal would have been timely.

Moreover, although this *pro se* litigant was under the mistaken impression as to the length of time for appeal, <u>it is undisputed</u> that he put both the bankruptcy court and appellee-counsel on notice (once, at a recorded status conference) that he desired to appeal any and all adverse decisions and orders of the bankruptcy court.

Appellee deceptively compares apples with oranges by citing *Universal Minerals*[8] in support of its ridiculous "lack of jurisdiction" argument. That 20-year-old case involved big-firm attorneys with deep-pocket clients, and not a *pro se* litigant in sight. Appellant suggests he represents a class of *pro se* litigants which requires the application of legal principles such as "equity" and "good faith".

Appellee also steps on its own toes by citing Bankruptcy Rule 8002(c)(1), which states: "The bankruptcy judge may extend the time for filing the notice of appeal by any party, unless the judgment, order or decree appealed from" (grants relief from automatic stay [and other conditions inapplicable in the instant matter]). Appellant suggests 8002(c)(1) is a

---

[8](3 Cir. 1985) 755 F.2d 309.

4

separate rule-paragraph that allows a bankruptcy judge <u>absolute discretion</u> despite the 10-day and 20-day filing deadlines proscribed under 8002(c)(2).

Finally, it must be presumed, in absence of any evidence to the contrary, that the bankruptcy judge in this matter had consciously applied the "excusable neglect" standard and (a) <u>approved</u> his IFP motion; (b) <u>extended</u> appellant's filing deadline; and (c) <u>allowed</u> filing out of time. Judge Walsh: (1) entered appellant's appeal notice on the docket, and (2) transmitted the record on appeal. Case closed.

The appellee motion to dismiss appeal is ill placed and unfounded; denial is respectfully re-urged along with the setting of new return dates for filing briefs. *If this motion for Reconsideration is granted by the District Court* Appellant further requests a brief extension of time in which to cure and designate the record as the Court determines is necessary. *If reconsideration is denied, appellant hereby files his Motion for Appeal and requests designation of the entire record.*

Respectfully submitted,

*[signature: Thomas Abrams]*

Thomas Abrams, *appellant pro se*
2705 Decatur Street
New Orleans, LA 70151-1885
(504) 606-8145

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing responding brief has been served upon the appellee and interested Parties by mail/facsimile and e-mail this 2nd day of August, 2005.

*[signature: Thomas Abrams]*
Thomas Abrams

Thomas Abrams
2705 Decatur St
New Orleans, LA 70117

Office of the Clerk
USDC
844 N. King St. LK Box #18
Wilmington, Delaware

19801-6435

Record Pleading Enclosed 04-1372 JJF

