IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| AMERICAN METROCOMM CORPORATION, *et al.*, | ) ) ) ) | Bankruptcy No. 00-3358 (PJW) |
| Debtors, | ) | |
| ------------------------------- | | ------------------------------- |
| THOMAS ABRAMS, | ) ) | |
| Appellant, | ) ) | |
| v. | ) | Civil Action No. 04-1372 (JJF) |
| | ) | |
| AMC LIQUIDATING TRUST, | ) ) | |
| Appellee. | ) | |

**SHORT REPLY TO APPELLEE BRIEF IN OPPOSITION TO MOTION FOR RECONSIDERATION OF FINAL ORDER OF 7/29/2005**

FILED SEP 27 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Appellant *pro se* Thomas Abrams replies as follows to Appellee AMC Liquidating Trust's brief filed 8/22/2005 in opposition to appellant's Motion for Reconsideration of the Final Order of 7/29/2005:

1. This Court had entered its memorandum opinion and final order granting AMC's motion to dismiss the appeal shortly before appellant mail-filed an opposition brief; in other words, the Court did not have an opportunity to consider the appellant's more complete opposition brief with supporting citations prior to entering its final order.

4

2. Immediately upon learning of the final order, appellant re-styled and filed his opposition brief as a Motion for Reconsideration. Appellee then filed an objection to that Motion, to which this brief refers.

3. Appellee has submitted, in support of its objection to reconsideration, certain e-mails sent it by appellant and attempts to infer from them that appellant "is committed to a policy of arbitrary, vexatious, obdurate and protracted litigation without bothering himself with the underlying legal merits of his position." This is simply untrue.

4. As appellant explained to appellee in follow-up e-mails (attached hereto), appellant is merely attempting to get his legitimate claim paid. A litigant does not give up his free-speech rights in the process, although appellant admits that because he is not an attorney his method of presentation and language is not "standard" as attorneys'.

5. Appellant's obvious ground for seeking re-hearing is that his reply brief – in opposition to appellee's dismissal motion based on procedural grounds – unfortunately had been filed (unknowingly) a few days <u>after</u> this court ordered dismissal.

Immediately after being served with the Order, appellant re-styled his reply brief as a Motion for Reconsideration.

6. Furthermore, the merits of appellant's original claim are not at issue here; the instant issue is whether appellant violated procedural rules so seriously that dismissal is required. The answer is obviously "no" – and the Federal Rules allow this Court complete discretion in cases of this sort (involving a non-attorney *pro se* litigant) to come to the same conclusion.

7. Appellant suggests the Court read the e-mails sent to appellee, including those sent after appellee's last pleading (attached hereto). By doing so, this Court should easily come to the conclusion that appellant is not "harassing the Estate into settlement" but simply prosecuting his case and (as all "attorneys" do) urging settlement during the course.

Respectfully submitted,

*Thomas Abrams*, appellant

Certificate of Service

I hereby certify that a copy of the foregoing pleading has been mailed to all parties this 26th day of August, 2005.

*Thomas Abrams*
Thomas Abrams



Thomas Abrams
1335 S. Michigan Ave
PO Box 17373
Clearwater, FL 33762

Office of the Clerk
U.S. District Court
844 N. King St. Lockbox 18
Wilmington, DE 19801-3570