IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| AMERICAN METROCOMM | : | |
| CORPORATION, et al., | : | Bankr. Case No. 00-3358-PJW |
| | : | |
| Debtors. | : | |
| | : | |
| THOMAS ABRAMS, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civ. Act. No. 04-1372-JJF |
| | : | |
| AMC LIQUIDATING TRUST, | : | |
| | : | |
| Appellee. | : | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion For Reconsideration Of "Final Order" (D.I. 22) filed by Appellant, Thomas Abrams. By his Motion, Appellant requests the Court to reconsider its July 29, 2005 Order dismissing the above-captioned appeal with prejudice.[1] For the reasons discussed, the Court will deny Appellant's Motion.

The Third Circuit has noted that the purpose of a motion for reconsideration is to "correct manifest errors of law or fact or

---

[1] Plaintiff telephoned the Court to request an extension of time to file his Reply Brief, and Plaintiff's filing was further delayed by events surrounding Hurricane Katrina. Plaintiff has since filed a request for extension of time in writing (D.I. 28), and the Court concludes that such an extension is warranted. Accordingly, Plaintiff's Reply Brief (D.I. 27) is considered timely filed, and therefore, the Court will consider it in the context of resolving Plaintiff's Motion For Reconsideration.

to present newly discovered evidence." <u>Max's Seafood Café by Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999) (citing <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)). The purpose of the motion for reconsideration is not to "rehash arguments already briefed." <u>Dentsply Int'l. Inc. v. Kerr Mfg. Co.</u>, 42 F. Supp.2d 385, 419 (D. Del. 1999). In order to succeed, Plaintiff must show that at least one of the following criteria applies: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent manifest injustice. <u>Max's Seafood Café by Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d at 677). "As a general rule, motions for reconsideration should be granted 'sparingly.'" <u>Karr v. Castle</u>, 768 F.Supp. 1087, 1090 (D. Del. 1991).

Reviewing Plaintiff's motion in light of this standard, the Court concludes that Plaintiff has failed to demonstrate that reconsideration of his claims is warranted. Plaintiff provides no grounds supporting reconsideration. Plaintiff does no more than reiterate the arguments he made in his original filings. In Plaintiff's Reply Brief, he reargues that he is a <u>pro se</u> litigant, and therefore, this case should not be dismissed based on his failure to follow the required procedures. As the Court concluded in its Memorandum Opinion dated July 29, 2005, the

procedural shortcomings in this case are not mere technicalities. Rather, they deprive the Court of jurisdiction to entertain this appeal, and Plaintiff's status as a *pro se* litigant does not impact the effect of the deficiencies. Accordingly, the Court will deny Plaintiff's Motion.

NOW THEREFORE, IT IS HEREBY ORDERED this 11 day of October 2005, that Plaintiff's Motion For Reconsideration (D.I. 22) is **DENIED**.

/s/ Joseph J. Farnan Jr.
UNITED STATES DISTRICT JUDGE