IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| AMERICAN METROCOMM | : | |
| CORPORATION, et al., | : | Bankr. Case No. 00-3358-PJW |
| | : | |
| Debtors. | : | |
| | : | |
| THOMAS ABRAMS, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civ. Act. No. 04-1372-JJF |
| | : | |
| AMC LIQUIDATING TRUST, | : | |
| | : | |
| Appellee. | : | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion For Extension Of Time For Filing Notice Of Appeal (D.I. 31) filed by Appellant, Thomas Abrams. By his Motion, Appellant requests an extension of time to file his Notice of Appeal of the Court's October 11, 2005 Order denying his Motion For Reconsideration of the Court's July 29, 2005 Order dismissing his appeal with prejudice. Appellant contends that an extension of time is warranted, because he was forced to evacuate his New Orleans residence during Hurricane Katrina and abandon his computer and paperwork related to this matter. Appellant contends that he experienced extreme difficulty evacuating and relocating to another state and that he only recently obtained another computer and retrieved his files from his damaged home.

The Trust Administrator for Appellee, the AMC Liquidating Trust, has filed an objection to Appellee's Motion For Extension of Time.  The Trust Administrator contends that Appellant has engaged in a pattern of extensive, arbitrary and vexatious litigation during this matter and has failed to show good cause or excusable neglect that would warrant an extension of time for the filing of his Notice of Appeal.  The Trust Administrator also points out that Appellant spent considerably more time preparing his request for an extension of time than would have been required for him to file a one page Notice of Appeal.

Pursuant to Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the time to file a notice of appeal if: (1) the party moves no later than 30 days after the time prescribed by Rule 4(a) expires, and (2) the party shows excusable neglect or good cause.  Factors relevant to determining whether a party has shown good cause or excusable neglect include:  (1) the danger of prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, (4) whether the movant acted in good faith, (5) whether the inadvertence reflected professional incompetence such as ignorance of the rules of procedure, (6) whether the inadvertence reflects an easily manufactured excuse that cannot be verified by the court,

and (7) whether the delay resulted from a complete lack of diligence. Consolidated Freightways Corp. of Del. v. Larson, 827 F.2d 916, 919 (3d Cir. 1987). An extension granted under Rule 4(a)(5) may not "exceed thirty days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Appellant's request for an extension of time is timely under Rule 4(a)(5)(i), and therefore, the Court must only consider whether Appellant has shown good cause or excusable neglect justifying an extension of time. Appellant has alleged difficulties in filing his Notice of Appeal due to evacuation and relocation problems resulting from Hurricane Katrina. The Court is persuaded that these circumstances justify the granting of an extension of time. Although Appellant could have presumably filed his Notice of Appeal in lieu of his Motion For Extension of Time as the Trust Administrator points out, the Court is not persuaded that Appellee will suffer undue prejudice as a result of an extension. The Court further finds that the delay in this case resulted from circumstances outside the control of Appellant and do not reflect a lack of good faith or diligence on the part of Appellant. Accordingly, the Court will grant Appellant's request for an extension of time to file a Notice of Appeal.

In reaching this conclusion, the Court further notes that Appellant filed a document dated December 19, 2005, entitled

"Notice of Appeal." Because the Court concludes that an extension of time is warranted and the Court finds no need to have Appellant re-file that which is already posted on the Court's docket, the Court will treat the December 19, 2005 Notice of Appeal as timely filed.

NOW THEREFORE, IT IS HEREBY ORDERED this 5 day of January 2006, that:

1. Appellant's Motion For Extension Of Time For Filing Notice Of Appeal (D.I. 31) is **GRANTED**.

2. Appellant's Notice of Appeal dated December 19, 2005 (D.I. 33) is deemed timely filed.

                                                  *[signature]*
                                          UNITED STATES DISTRICT JUDGE