**CPS-258**                                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5572
_____

IN RE: AMER METROCOMM CORPORATION, et al.,
                                           Debtors


THOMAS ABRAMS,
                    Appellant

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 04-1372)
District Judge: Honorable Joseph J. Farnan, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 29, 2006

Before: BARRY, SMITH AND NYGAARD, CIRCUIT JUDGES

(Filed: July 24, 2006)

_____

OPINION
_____

PER CURIAM

    Thomas Abrams appeals from the District Court's order dismissing his appeal

from Bankruptcy Court as untimely. Because we determine that the appeal is lacking in

arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

Until 1998, Abrams was employed by debtor American MetroComm as a paralegal. After being discharged, Abrams filed suit under the Louisiana Whistle-Blower Act, LA. REV. STAT. ANN. § 23:967, in the Civil District Court for the Parish of Orleans. Abrams and American MetroComm eventually settled the case and, on September 11, 2000, a Louisiana state court judge enforced the settlement agreement and dismissed Abrams' claims with prejudice.

On August 16, 2000, American MetroComm filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the District of Delaware. In January of 2001, Abrams, acting pro se, filed a proof of claim for $100,000 based on his Louisiana state court suit. The Trust Administrator, AMC Liquidating Trust ("AMC"), objected to the claim and moved for summary judgment. AMC argued that Abrams' claim was barred by the Louisiana state court settlement. On December 15, 2003, the Bankruptcy Court granted AMC's motion.

On May 18, 2004, Abrams appealed the Bankruptcy Court's order to the District Court for the District of Delaware. In the District Court, AMC filed a motion to dismiss Abrams' appeal, arguing that Abrams' notice of appeal was untimely. The District Court granted the motion and Abrams timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 158(d). Having granted Abrams leave to proceed in forma pauperis on appeal, we must now determine whether his appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be

dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether an appeal from the bankruptcy court to a district court is timely is a question of law which we review de novo.  Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997).

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal must be filed within ten days of the judgment or order which is appealed.  The Federal Rules of Bankruptcy Procedure contemplate situations where Rule 8002(a)'s deadline cannot be met.  Certain post-judgment motions, if timely, will extend the time to file a notice of appeal.  FED. R. BANKR. P. 8002(b).  And Rule 8002(c) provides for an extra twenty-day period when a party's failure to file a timely notice of appeal is due to excusable neglect.  A request for such an extension of time "must be made by written motion . . . filed not later than 20 days after the expiration of the time for filing a notice of appeal."  FED. R. BANKR. P. 8002(c)(2).  After twenty days have passed from the expiration of the time to file a notice of appeal, an assertion of excusable neglect will not serve to extend period for filing an appeal.  Sound Radio, Inc., 109 F.3d at 879.

Applying these rules, it is clear that Abrams' appeal was untimely.  Abrams filed no post-judgment motions in the Bankruptcy Court.  Abrams also did not file a motion under Rule 8002(c) for an extension of time.  Further, since Abrams' notice of appeal was filed more than five months after the entry of the Bankruptcy Court's order, even if his failure to appeal was due to excusable neglect, it was too late for him to benefit from any extension under Rule 8002(c).

Abrams argues that he should be excused from Rule 8002(a)'s deadline for filing a notice of appeal because he was called away for a family emergency and did not receive the Bankruptcy Court's order until just before May 18.  Further, he argues that the deadlines laid out in the Bankruptcy Rules should not be strictly enforced against him because he is proceeding pro se.  Finally, Abrams claims that the entire bankruptcy proceeding is a continuing fraud which makes his notice of appeal timely.  None of these arguments is persuasive.

Abrams' absence due to his family emergency is, at most, excusable neglect, and will not toll the period for filing a notice of appeal absent an application under Rule 8002(c).  See Sound Radio, Inc., 109 F.3d at 879.  We also note that, in the letter accompanying his untimely notice of appeal, Abrams claimed that he had still not received the District Court order at that time.  Since Abrams was, in the end, able to discover the Bankruptcy Court's judgment, even though he had not received a copy of the order, it remains unclear what actually prevented him from filing the notice sooner.  Abrams second argument is similarly without merit.  We have never held that courts' obligations to liberally interpret pro se pleadings justifies ignoring deadlines for filing an appeal.  See e.g. Poole v. Family Court of New Castle County, 368 F.3d 263, 266-69 (3d Cir. 2004).  Finally, regardless of whether the bankruptcy proceeding is a continuing fraud, Abrams is appealing the particular order denying his claim, making the continuing nature of the bankruptcy proceeding irrelevant.

In sum, we readily conclude that the District Court correctly dismissed Abrams'

appeal as untimely. Because his appeal lacks merit, we will dismiss it under § 1915(e)(2)(B). In light of the disposition of the appeal, Appellees' motion to dismiss and Appellant's motion to stay proceedings are denied.

5